**UNITED STATES of America, Plaintiff,**

v.

**Angel R. POLANCO–CORTORREAL, Defendant.**

**Crim. No. 83–0298CC.**

United States District Court, D. Puerto Rico.

April 12, 1984.

Daniel López-Romo, U.S. Atty. by Fernando Gierbolini, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Gerardo Ortiz-del-Rivero, Federal Public Defender, by Joseph Laws, Asst. Federal Public Defender, San Juan, P.R., for defendant.

## ORDER

CEREZO, District Judge.

Defendant has been charged in a simple one-count indictment of willfully assaulting a United States Marshal on or about October 15, 1983 while he was engaged in the performance of his official duties.[1] This allegedly occurred while he was being transported to the state penitentiary after proceedings in another case. On February 1, 1984 he notified the attorney for the government, in writing, of his intention to present a defense based on a mental condition pursuant to Rule 12.2(a) and (b) of the

1. The indictment was returned by the grand jury on December 7, 1983.

2. This verbal motion was withdrawn by defendant.

3. The indictment charges that the offense was committed on or about October 15, 1983. De-

Federal Rules of Criminal Procedure. Defendant's entire discovery efforts have been directed towards obtaining his medical records at the state penitentiary specifically related to medical assistance received by him after a violent incident among inmates on October 24, 1983 as well as a psychiatric evaluation performed at the institution the day after. Defendant has requested and received all medical records available at the penal institution concerning treatment for physical and mental conditions during the period of October 24 through October 26 inclusive, in preparation of his defense based on a mental condition. Defendant has always focused these dates as the relevant period of his inquiry after receiving discovery from the government.

During a hearing on defendant's request for waiver of jury trial,[2] defense counsel received the grand jury minutes. The following day defendant filed a motion to dismiss the indictment. Although this motion is principally based on the ground that the government presented no evidence before the grand jury on the date of the alleged offense, it makes a passing reference to the inaccuracy of the October 15, 1983 date indicated in the indictment.[3] Defendant's main argument is, however, that in the absence of evidence as to when the acts charged in the indictment occurred, "an amendment or an addition of wording to conform an indictment to a jurisdictional requisite is improper."

Due to the proximity of the trial date, the court held a conference in chambers to hear the parties' respective views. After carefully considering the situation, the court understands that we are not dealing, as argued by defendant with a jurisdictional requirement and that the critical inquiry, as in *United States v. Morris*, 700 F.2d 427 (1st Cir.1983) is whether defendant is preju-

fendant urges in his dismissal motion that "the government has conceded ... that defendant was outside of this jurisdiction on the date alleged in the indictment and that it is more likely that October 25, 1983 was the date of the alleged offense."

diced by the defect in the indictment. It is undisputed that no evidence was presented to the grand jury regarding the date of commission of the offense and that this notwithstanding, the indictment contains the phrase "on or about October 15, 1983" as a time reference. During the discovery period and the parties' communications with the court, it has been conceded that the correct allegation as to time would be October 25, 1983.

 In passing upon the issue before us we have kept in mind two broad considerations: the function of the grand jury in holding persons to answer for violations of criminal laws and the purpose served by an indictment. "The fundamental purpose of the pleading is to inform the defendant of the charge so that he may prepare his defense and the test for sufficiency ought to be whether it is fair to require him to defend on the basis of the charge as stated in the particular indictment or information." Wright, *Federal Practice and Procedure: Criminal* 2d, Sec. 125, p. 365. If the grand jury indicts, the bill returned by it must, therefore, contain a plain and definite statement of the essential facts constituting the offense charged. Rule 7(c)(1), Federal Rules of Criminal Procedure. Thus, whether a particular indictment is valid or invalid generally depends on whether it expresses all essential elements of the offense charged. In the present case defendant is charged with violation of 18 U.S.C. Sec. 111. The essential elements that must be proven to establish the commission of the offense charged are: that the defendant forcibly assaulted a United States Marshal engaged in the performance of his official duties and that he did such acts willfully. See Devitt and Blackmar, *Federal Jury Practice and Jury Instructions*, 3d ed., vol. 2, Sec. 42.05 (Assault on a federal officer designated in 18 U.S.C. Sec. 1114, with the use of a deadly or dangerous weapon). Time is not an essential ingredient of this offense. Unless a particular day is a material element of the crime charged, for example, failure to file a timely income tax return on or before April 15 of a certain year, *United States v. Goldstein*, 502 F.2d 526, 528 (3rd Cir.1974), the omission of a time allegation in the indictment does not affect its sufficiency. It is not necessary to specify either time or place in indictments, unless these are essential ingredients of the crime charged. See *United States v. Honneus*, 508 F.2d 566, 570 (1st Cir.1974) (indictment is not legally insufficient for failure to allege where the offense took place). As stated in *Honneus*, a defendant may obtain this information through a bill of particulars.

The indictment in this case contains an allegation as to when the offense occurred although no such evidence was brought before the grand jury. The reference is, therefore, for all purposes inexistent. We must ask ourselves, however, whether this reference to the date of the offense precluded defendant from seeking information on chronological data or whether he was otherwise prejudiced by this error. Although defendant has made no claim of prejudice, we have reviewed the record to discern any possibility of it in light of these circumstances and found none. This defendant has known from the outset that the date of the alleged offense was October 25, 1983 and, after notifying his intention of raising the insanity defense, requested and obtained medical records at the state penitentiary for the period of October 24 through October 26, 1983 in support of that defense. The Court's assistance of defendant in obtaining the necessary evidence through discovery has provided sufficient inside knowledge to assert that he has prepared his defense to a charge of assault on a United States Marshal on the particular day of October 25, 1983. This is not a situation in which defendant has been confused or induced to prepare his defense to charges of an offense committed on another date. His timely and persistent request to obtain the medical records of that pertinent period are the best evidence that he knew exactly what time period to confront and what he was charged with. This indictment is a simple one which refers to an isolated incident. It contains a precise and

clear statement of the essential facts describing the offense. Defendant does not argue that he has been in the dark as to the correct date of the offense charged or that the offense occurred outside the period of the statute of limitations. Having been aware all along of the relevant time period of this offense and having prepared his defense geared to that period, we find no prejudice. The court therefore concludes that the error contained in the indictment is one that does not affect his substantial rights and can be rightfully disregarded. Rule 52(a), Federal Rules of Criminal Procedure.

SO ORDERED.